# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BILLY EARLS,** | ) | |
|     Plaintiff | ) | Civil Action No.: 7:17cv00191 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C/O CHRISTIAN, et al.,** | ) | By: PAMELA MEADE SARGENT |
|     Defendants | ) | United States Magistrate Judge |

The pro se plaintiff, Billy Earls, ("Earls"), an inmate incarcerated at United States Penitentiary Lee, ("USP Lee"), brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 389 (1971), against the defendants, Correctional Officer Christian and Correctional Officer Hamilton. Earls has alleged that the defendants have violated his constitutional right to be free from cruel and unusual punishment by using excessive force against him, allowing other inmates to assault him, failing to provide him with meals and/or providing him meals with feces in them and placing him on the recreation yard without shoes in the winter. This case is before the undersigned upon transfer based on the consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

This matter is before the court on the Defendants' Motion To Dismiss, Or In The Alternative Motion For Summary Judgment, (Docket Item No. 25) ("Motion"). Because the defendants have provided the court evidence outside of the pleadings, the court will treat the Motion as a motion for summary judgment pursuant to Federal Rules of Civil Procedure Rule 12(d). The Motion seeks the entry of judgment in the defendants' favor based on Earls's failure to exhaust his administrative remedies before filing suit.

## I. Facts

In his Complaint, (Docket Item No. 1), which was filed with the court on May 2, 2017, Earls alleged numerous violations of his constitutional rights. Specifically, Earls alleged:

1. On January 7, 2017, defendant Hamilton denied him breakfast and later restrained him and came in his cell and assaulted him and shoved his face into the floor;
2. On January 7, 2017, while escorting him to an observation cell, defendant Hamilton deliberately kept stepping on his ankle restraints, causing the restraints to cut into his ankles;
3. On March 29, 2017, defendant Hamilton denied him breakfast and lunch;
4. On January 8, 2017, he was given a food tray with feces in it;
5. On January 26, 2017, defendant Christian placed him on the recreation yard in the snow without shoes on his feet; and
6. On March 6, 2017, defendant Christian put him in a recreation cage and let two other inmates assault him.

Earls also checked a box on his Complaint form indicating that he had "presented all grounds for relief raised in this complaint by way of BP-9, BP-10, and BP-11 grievances." Earls stated that he had been denied relief and that his request for administrative remedies had been impeded. He also stated that he had been denied appeal forms in a timely manner. Earls's Complaint is not a sworn pleading.

By Verified Statement signed under penalty of perjury, Earls checked a box indicating that: "Prior to filing my civil rights action, I attempted to exhaust my administrative remedies but my grievance was rejected as untimely. I have appealed that determination to the highest level available before filing this action." Earls attached numerous administrative remedies forms to this Verified Statement. The forms include an Informal Resolution Form No. BL-10-87, dated March 7, 2017, on which Earls wrote: "On 3-06-17 Officer Christian put me in a recreation cage to deliberately get me jumped on. After said incident my property was [taken] out [of] my cell from 104 to be moved with me to 246. I ain't [done] nothing to not have my property I already had." (Docket Item No. 6 at 6.) Under a section entitled "Relief Requested," Earls wrote, "I would like my property, my legal mail, pictures and hygiene that I already had in my cell." (Docket Item No. 6 at 6.) Earls also has provided a "Request For An Informal Resolution" form listing Informal Resolution No. BL-10-87. This form was signed by J. Baker, SIA, dated March 27, 2017, and stated:

> This is in response to your Informal Resolution dated March 7, 2017, in which you have made an allegation of misconduct against staff.
> We take allegations of staff misconduct seriously. Due to the nature of your allegations, this has been forwarded to the appropriate department and/or agency for review. Be advised, due to the sensitive nature of your allegations, some aspects of the findings may be non-disclosable.

(Docket Item No. 6 at 7.)

Earls also provided an Informal Resolution Form No. BL-11-87, dated March 7, 2017, on which Earls wrote: "On 3-05-17 at 10:40 I was assaulted by …

Christian [coming] out of cell 103 then he wrote me a bogus incident report as [to] cover himself up. Then they left me in restraints from 10:40 till [sic] 12:00 a.m. midnight this is the 3rd time I've been assaulted by [segregation housing unit] staff." (Docket Item No. 6 at 8.) Under a section entitled "Relief Requested," Earls wrote, "I request camera be reviewed[,] Correctional Officer Christian be fired and my incident report be expunged." (Docket Item No. 6 at 8.) Earls also has provided a "Request For An Informal Resolution" form listing Informal Resolution No. BL-11-87. This form was signed by J. Baker, SIA, dated March 27, 2017, and stated:

> This is in response to your Informal Resolution dated March 7, 2017, in which you have made an allegation of misconduct against staff.
> We take allegations of staff misconduct seriously. Due to the nature of your allegations, this has been forwarded to the appropriate department and/or agency for review. Be advised, due to the sensitive nature of your allegations, some aspects of the findings may be non-disclosable.

(Docket Item No. 6 at 5.)

Earls also provided a Request For Administrative Remedy form, dated March 10, 2017, and containing Case No. 895799 –F1, on which he wrote:

> On 2-01-17 I got assaulted by … Hamilton. [He] came to our cell on A range [quietly] tapped on the window while I was sleep[ing.] [He] then sprayed mace in my face while I was in bed and said I was fighting my cellmate[.] They ordered us to cuff up then while I was cuffed up Officer Hamilton tackled me in shower and repeatedly punched me in my face while I was cuffed and wrote my cellmate inmate Rock up for assaulting me. I filed a B.P. 9 and gave it

to Mrs. Hall on 2-27-17[.] She never filed it or gave it to my unit team. I want to press civil and criminal charges & fire Hamilton.

(Docket Item No. 6 at 13.) Someone wrote "Rec. 3/22/17" on this form, but the signature is not legible to the court. Earls also provided a Rejection Notice – Administrative Remedy form, dated March 22, 2017, from the Administrative Remedy Coordinator, Lee USP, addressing "Remedy ID: 895799-F1." This form stated:

> For the reasons listed below, this administrative remedy request is being rejected and returned to you….
> Reject Reason 1: Your request is untimely. Institution and CCC requests (BP-09) must be received [within] 20 days of the event complained about.
> Reject Reason 2: You did not attempt informal resolution prior to submission of administrative remedy, or you did not provide the necessary evidence of your attempt at informal resolution.

(Docket Item No. 6 at 12.)

Earls also provided a Regional Administrative Remedy Appeal form, dated March 10, 2017, with the Case No. 896592-R1. On this form Earls wrote:

> On 1-07-17 during breakfast … Hamilton served trays I was in cell 103 A range the cell had the box on it. …Hamilton placed our food in the box but wouldn't open the slot so me or my cellmate could [receive] our food. I then covered the cell window to get the [lieutenant] notified of the situation. Instead they brought the team ruffed[sic] me up and put me outside in the snow barefoot for at least 1 hour in restraints no nurse checked on me or nothing. Pushed my

> face all in the ground upon walking me in … Hamilton was stepping on the shackles causing them to cut into my skin he then lied and said I said I was suicidal upon escorting me to suicide watch … Hamilton continued stepping on my restraints[.] I curled my legs up and they [carried] me to suicide watch. I've … wrote numerous BP10s never [received] a response so I'm resending this. I want to file criminal and civil charges.

(Docket Item No. 6 at 11.) Earls also provided a Rejection Notice – Administrative Remedy form, dated March 29, 2017, from the Administrative Remedy Coordinator, Mid-Atlantic Regional Office, addressing "Remedy ID: 896592-R1." This form stated:

> For the reasons listed below, this regional appeal is being rejected and returned to you….
> Reject Reason 1: The issue you raised is not sensitive. However, we retained your request/appeal according to policy. You should file a request or appeal at the appropriate level via regular procedures.
> Reject Reason 2: Due to your allegations, your appeal is being forwarded to another department for review; [however], your appeal was retained in accordance with policy.

(Docket Item No. 6 at 10.)

Earls also provided a Rejection Notice – Administrative Remedy form, dated March 29, 2017, from the Administrative Remedy Coordinator, Mid-Atlantic Regional Office, addressing "Remedy ID: 896605-R1." This form stated:

> For the reasons listed below, this regional appeal is being rejected and returned to you….

>  Reject Reason 1: You did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action.
>  Reject Reason 2: You may resubmit your appeal in proper form within 10 days of the date of this Rejection Notice.

(Docket Item No. 6 at 9.) Earls did not provide any corresponding Request For Administrative Remedy form.

Earls also provided an Institution Response to Administrative Remedy form, dated March 31, 2017. This form stated:

> This is in response to Administrative Remedy number 895817-F1, in which you have made an allegation of misconduct against staff.
>
> We take allegations of staff misconduct seriously. Due to the nature of your allegations, this has been forwarded to the appropriate department and/or agency for review. Be advised, due to the sensitive nature of your allegations, some aspects of the findings may be non-disclosable.
>
> This response is neither granted nor denied, but provided for informational purposes. If you are dissatisfied with this response, you may appeal….

(Docket Item No. 6 at 14.)

Earls also provided a Rejection Notice – Administrative Remedy form, dated May 1, 2017, from the Administrative Remedy Coordinator, Mid-Atlantic Regional Office, addressing "Remedy ID: 896605-R2." This form stated:

>           For the reasons listed below, this regional appeal is being
> rejected and returned to you….
>     Reject Reason 1:   You must first file a BP-9 request through
>                        the institution for the Warden's review and
>                        response before filing an appeal at this level.
>     Reject Reason 2:   Due to you allegations, your appeal is being
>                        forwarded to another department for review;
>                        [however], your appeal was retained in
>                        accordance with policy.

(Docket Item No. 6 at 3.) Earls did not provide any corresponding Request For Administrative Remedy form.

Earls's response to the Motion is not sworn, and he did not address or attach any further evidence to show that he had exhausted his administrative remedies before filing suit.

In support of their Motion, the defendants filed an Affidavit from Tiffanie Little, a Legal Assistant at the BOP Mid-Atlantic Regional Office. (Docket Item No. 26-1) ("Little's Affidavit"). In her affidavit, Little stated that she was familiar with the BOP's Administrative Remedy Program outlined in 28 C.F.R. §§ 542.10-542.19 and BOP Program Statement 1330.18. She also stated that she was familiar with the processing of inmate administrative remedy requests. Little also said that she had access to the official records compiled and maintained by the BOP on its computerized records system, "SENTRY," including records related to Earls.

A number of documents were attached to Little's Affidavit, all of which she stated were true and accurate copies of official records received, compiled and maintained in the ordinary course of business by the BOP. One of the documents attached to Little's Affidavit is Earls's SENTRY Administrative Remedy

Generalized Retrieval Report, ("SENTRY Report"), which, according to Little, lists each administrative grievance filed by Earls since he was placed in BOP custody.

According to Little, on March 31, 2017, Earls filed administrative remedy request No. 895817-F1.[1] According to Little, a copy of this form is attached to Little's Affidavit as Attachment C. On this Request For Administrative Remedy form, Earls wrote:

> On 3-05-17 Correctional Officer Christian pulled me out for recreation. [He] then proceeded to go in my cell and take my mattress, then told the [correctional officer] to bring me back to my cell. I said for what [I'm] going to recreation you can't take my recreation. I then refused to give up my hand cuffs to notify [Lt.] Banks of what was going on. [Lt.] Banks told … Christian to put me in the observation cell. … Christian them slammed into wall and wrote me a bogus incident report[.]  See camera on A range. Next day … Christian set me up to get jumped on by 2 inmates. He moved me and my celly off the … range upstairs deliberately placed my life in danger by paying the 2 inmates all [their] property for assaulting me. See camera…. After I was assaulted inmates [received] all [their] … property. I would like … Christian to be fired.

(Docket Item No. 26-1 at 12.)  According to Little, Earls unsuccessfully appealed this request to the Regional Director for the Mid-Atlantic Region on May 11, 2017, in remedy number 895817-R1, and it was subsequently denied and closed on July 3, 2017. Little also stated that Earls subsequently unsuccessfully appealed this request to the BOP General Counsel on July 31, 2017, and it was denied and closed by the Central Office on September 25, 2017, in remedy number 895817-A1.

---

[1] Little's Affidavit refers to this Administrative Remedy request as No. 895817-F5 and No. 895817-F1. On the face of the form, however, it states that it is Case No. 895817-F1.  The SENTRY report also refers to this request as No. 895817-F1.

Little stated that BOP records also showed that, on August 4, 2017, Earls filed an Administrative Remedy Request No. 910095-F1. According to Little, a copy of this form is attached to Little's Affidavit as Attachment D. On this form, Earls wrote:

> 1-07-17 Correctional Officer Hamilton refused to feed me breakfast. Then when I covered the [cell] window to notify the [lieutenant,] he put me outside in the [recreation] cage in the snow barefoot for at least 1 hour[.] Upon bringing me in he was stepping on the back of my shackles causing the cuffs to cut into my skin. My feet was stuck to the ground. I request Officer Hamilton be fired, and I would like to file a civil complaint.

(Docket Item No. 26-1 at 13.) While the SENTRY Report shows that Earls did appeal this request to the Regional Director, Little stated that Earls did not appeal this administrative remedy request to the Central Office in accordance with 28 C.F.R. §§ 542.10-542.19 and BOP Program Statement 1330.18.

Little also stated that the BOP records showed that, on July 26, 2017, Earls filed Administrative Remedy Request No. 910097-F1. According to Little, a copy of this form is attached to Little's Affidavit as Attachment E. On this form, Earls wrote:

> On 02-07-17 I got assaulted by Correctional Officer Hamilton. He sprayed mace in my face while I was sleeping hit the man down & said I was fighting my cellmate. While I was cuffed up Officer Hamilton repeatedly punched me in my face and back. Then wrote my cellmate up for doing it. I request Officer Hamilton be fired. I would like to press civil & criminal charges.

(Docket Item No. 26-1 at 14.) Again, the SENTRY Report shows that Earls appealed this request to the Regional Director, but Little stated that Earls did not appeal this administrative remedy request to the Central Office in accordance with 28 C.F.R. §§ 542.10-542.19 and BOP Program Statement 1330.18.

A review of Earls's SENTRY Report shows that Administrative Remedy Request No. 895799-F1 was rejected. It also shows that Earls's appeals of Request Nos. 896592-R1 and 896605-R1 were rejected by the Mid-Atlantic Region and by Central Office. It also shows that Earls's appeal of Request No. 896605-R2 was rejected by the Mid-Atlantic Region.

*II. Analysis*

The Prison Litigation Reform Act of 1995, ("PLRA"), requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court. *See* 42 U.S.C.A. § 1997e(a) (West 2012). It provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). Exhaustion is mandatory under § 1997e(a), and courts have no discretion to waive the requirement. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[F]ailure to exhaust is an affirmative defense under the PLRA" and, therefore, must be both pled and proven by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007). A prisoner must exhaust administrative remedies even where the relief sought, such as monetary damages, cannot be

granted by the administrative process. *See Woodford*, 548 U.S. at 85 (citing *Booth*, 532 U.S. at 734).

The Supreme Court has instructed that the PLRA also "requires proper exhaustion." *Woodford*, 548 U.S. at 93. Proper exhaustion of administrative remedies for PLRA purposes means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. *See Woodford*, 548 U.S. at 90. Therefore, in order to satisfy the exhaustion requirement, an inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his action to court. *See Woodford*, 548 U.S. at 90.

Thus, before Earls may proceed with his claims in this court, he must first have exhausted the administrative remedies available to him through the BOP. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process …, the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006).

With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A

genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. In order to be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore, Ky.,* 93 F.3d 230, 233 (6th Cir. 1996). When a motion for summary judgment is made and is properly supported by affidavits, depositions or answers to interrogatories, the nonmoving party may not rest on the mere allegations or denials of the pleadings. *See Oliver v. Va. Dep't of Corrs.*, 2010 WL 1417833, at *2 (W.D. Va. Apr. 6, 2010) (citing FED. R. CIV. P. 56(e)). Instead, the nonmoving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. *See Anderson*, 477 U.S. at 256-57.

Under the regulations setting out the BOP's administrative remedy system, a federal inmate must first seek an informal resolution of any complaint before submitting a Request for Administrative Remedy. *See* 28 C.F.R. § 542.13(a) (2018). If an inmate is unable to resolve his complaint informally, he must file an Administrative Remedy Request, a BP-9 form, within 20 calendar days of the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14(a) (2018). This initial filing must occur at the inmate's institution, unless the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution. *See* 28 C.F.R. § 542.14(d)(1) (2018). If so, the inmate may submit the Request directly to

the appropriate Regional Director. *See* 28 C.F.R. § 542.14(d)(1). If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request will be accepted. *See* 28 C.F.R. § 542.14(d)(1). If not, the Request will not be accepted, and the inmate shall be so advised and may pursue the matter by submitting a Request to the local warden. *See* 28 C.F.R. § 542.14(d)(1).

An inmate who is not satisfied with a Warden's response to a Request, may submit an Appeal on the appropriate BP-10 form to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15(a) (2018). An inmate who is not satisfied with the Regional Director's response, may submit an Appeal on the appropriate BP-11 form to the General Counsel within 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. *See* 28 C.F.R. § 542.15(a).

The Coordinator at any level may reject and return to the inmate without response any Request or Appeal that does not meet the requirements of the regulations. *See* 28 C.F.R. § 542.17(a) (2018). If the submission is rejected for a correctable reason, the inmate shall be given notice of the reason and a reasonable time extension within which to correct the defect and resubmit the Request or Appeal. *See* 28 C.F.R. § 542.17(b) (2018). Any inmate may appeal any rejection to the next appeal level, if no opportunity to correct and resubmit was given. *See* 28 C.F.R. § 542.17(c) (2018).

If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made at the prison level within 20 calendar days, at the Regional Director level

within 30 calendar days and at the General Counsel level within 40 calendar days. *See* 28 C.F.R. § 542.18 (2018). If an inmate does not receive a response within the time allotted, including any extension of which the inmate was notified, the inmate may consider the absence of a response to be a denial at that level. *See* 28 C.F.R. § 542.18.

Based on the evidence before the court, I find that there is no genuine dispute of fact and that summary judgment should be entered in the defendants' favor on all claims based on Earls's failure to exhaust his administrative remedies prior to filing suit. As stated above, Earls's Complaint complains of six separate events. Based on the uncontradicted evidence before the court, Earls failed to exhaust his administrative remedies with regard to any of these claims prior to filing suit.

To be clear, the evidence before the court does show that Earls has now exhausted his administrative remedies as to one of his claims – the claim that Christian placed him in a recreation cage on March 6, 2017, and allowed two other inmates to assault him. Nonetheless, the evidence also shows that Earls did not fully exhaust these administrative remedies until *after* he filed his action on May 2, 2017. Earls raised the March 6, 2017, incident in Administrative Remedy Request No. 895817-F1, (Docket Item 26-1 at 12), which he filed on March 31, 2017. He then appealed the local decision, (Docket Item No. 6 at 14), to the Regional Director and to General Counsel at Central Office. (Docket Item 26-1 at 10-11.) These appeals, however, were not filed until *after* Earls filed this suit.

The Supreme Court in *Woodford* held that exhaustion is mandatory under § 1997e(a), and courts have no discretion to waive the requirement. *See Woodford*,

548 U.S. at 85. The Court also held in *Woodford* that an inmate must file a grievance raising a claim and pursue the grievance through all available levels of appeal, *prior* to bringing his action to court. *See Woodford*, 548 U.S. at 90. Thus, evidence that an inmate has fully exhausted his administrative remedies *after* filing suit will not suffice.

According to Little's Affidavit, Earls has filed other administrative remedy requests while an inmate at USP Lee, but he has not properly appealed any of these remedy requests through the final level of appeal. The uncontradicted evidence before the court supports this statement. The only other claims raised in his Complaint for which there is evidence before the court that Earls requested any administrative remedy are the events of January 7, 2017. In his Complaint, Earls alleged that on January 7, 2017, defendant Hamilton denied him breakfast, assaulted him and injured his ankles by stepping on his restraints. Earls set some of these events out in Administrative Remedy Request No. 910095-F1, which he did not file until August 4, 2017. In Remedy Request No. 910095-F1, Earls alleged that Hamilton refused to feed him breakfast and injured his ankles by stepping on his restraints. (Docket Item No. 26-1 at 13.) The uncontradicted evidence before the court also shows that Earls did not appeal this remedy request to the General Counsel at Central Office as required by 28 C.F.R. § 542.15(a) to fully exhaust his administrative remedies. Earls did provide evidence that he previously had attempted to file this remedy request directly with the Regional Director on or about March 10, 2017. (Docket Item No. 6 at 11.) That request, Regional Administrative Remedy Appeal No. 896592-R1, was rejected by the Regional Director as not qualifying as sensitive, and Earls was instructed to file his request at the local level. (Docket Item No. 6 at 10.) The SENTRY Report shows that this rejection was upheld on appeal by the General Counsel. (R. at 26-1 at 11.)

The uncontradicted evidence before the court also shows that only one other of Earls's remedy requests, Administrative Remedy Request No. 896605-A1, was appealed to the General Counsel level. Based on the SENTRY report, this request was never filed at the local level, and was rejected at both the Regional Director and General Counsel levels. (Docket Item No. 26-1 at 10.)

Earls has provided the court with general allegations that he has filed numerous administrative remedy request forms or appeal request forms which were not received or to which he never received a response. Earls has not provided the court with any specific evidence, however, that he attempted to exhaust his administrative remedies on any of the claims raised in his Complaint other than as set out above. He also has not provided the court with any evidence that any prison officials have in any way prevented him for using the prison's administrative remedy procedure.

Therefore, based on the above, I find that there is no genuine dispute of material fact and that summary judgment should be entered in the defendants' favor based on Earls's failure to exhaust his administrative remedies before filing suit.

An appropriate Order and Judgment will be entered.

ENTERED: May 1, 2018.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE